IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| BNI COAL, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. |
| | ) |
| LOCAL UNION 1593 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

BNI Coal, Ltd. ("BNI"), by and through the undersigned counsel, files this Complaint against Defendant Local Union 1593 of the International Brotherhood of Electrical Workers ("Defendant Union") and states as follows:

### Parties and Jurisdiction

1. BNI is a corporation organized and existing under the laws of the state of North Dakota. Its principal place of business is in Bismarck, North Dakota.

2. Defendant Union is an un-incorporated labor organization. Defendant's principal offices are located at 44 Main Street West, Hazen, North Dakota.

3. Jurisdiction and venue are both appropriate in this Court pursuant to 28 U.S.C. § 185(a) and (c).

### Background

4. The Union is the exclusive bargaining representative for a bargaining unit of BNI employees in Center, North Dakota. BNI and the Union (the "Parties") have entered into a series of collective bargaining agreements during the course of the Union's representation of BNI employees.

5. Most recently, the Parties entered into a collective bargaining agreement dated April 1, 2014 (the "Agreement"). By its own terms, the Agreement was effective from April 1, 2014, through March 31, 2019. The Agreement would continue in full force and effect from year to year thereafter only if one, or both, of the parties failed to provide the other written notice on or before 60 days before the expiration date of its request that the Agreement amended or cancelled.

6. On January 4, 2019, the Union provided written notice to BNI stating that the Union would like to open formal contract re-negotiations to amend the Agreement.

7. On January 17, 2019, BNI provided written notice to the Union stating its availability for a first negotiating session, and also stating the provisions it intended to make amending the Agreement.

8. Article I of the Agreement, entitled "Method of Negotiation," does not provide for interest arbitration if the parties cannot reach agreement on a new contract by negotiations.

9. Article III of the Agreement, entitled "Method and Time Limit of Handling Grievances" provides for arbitration of grievances, but not interest arbitration if the parties cannot reach agreement on a new contract through negotiations.

10. The parties met numerous times to negotiate between January 2019 and July 2019.

11. The Agreement expired on March 31, 2019 with no new contract and no contract extension in place.

12. Section 1.02 of the expired Agreement contains a 45-day no-strike clause that extends beyond the exipration of the Agreement:

> In the event that negotiations concerning this Agreement shall extend past the anniversary date of this Agreement, there will be no work stoppage or slowdown, and any subsequent wage and benefit settlement shall be retroactive to the first day after the anniversary date of this Agreement. This clause will be valid only for the first forty-five (45) days past the anniversary date of this Agreement. After the

expiration of this clause (forty five (45) days from the end of the Agreement) it is agreed that there will be no retroactive wage increase.

13. On April 11, 2019, during the effective period of the 45-day no-strike clause, the parties' agreed to extend Section 1.02 of the Expired Agreement (and no other sections of the expired Agreement) to June 15, 2019.

14. On May 19, 2019, the parties again extended Section 1.02 of the expired Agreement (and no other sections of the expired Agreement) to June 30, 2019. The parties did not agree to any other extensions of Section 1.02.

15. The parties did not reach a new contract before Section 1.02 expired on June 30, 2019.

16. Section 1.02 expired on July 1, 2019.

17. On July 12, 2019, after the Agreement and Section 1.02 had expired, the parties met for a mediation, but did not reach a new contract.

18. On August 14, 2019, the Union rejected BNI's final offer and asserted that the Union would demand interest arbitration.

## Count I –Declaratory Judgment

19. BNI incorporates paragraphs 1 through 18 as if fully stated herein.

20. The Agreement expired under its own terms, and the expired Agreement did not contain any provision that would or could allow a party to force the other to submit to interest arbitration. Consequently, the Union cannot require BNI to submit to interest arbitration.

21. The Union has nonetheless threatened to file a petition to the Federal Mediation and Conciliation Service demanding interest arbitration.

22. Given the Union's threat, there is an actual and substantial controversy as to whether the Union can force BNI to submit to interest arbitration under the terms of the parties' expired Agreement.

23. Binding arbitration, in any form, is a matter of contract. The expired Agreement did not contain a provision allowing either party to force interest arbitration on the other. Moreover, the Parties are not currently party to any contract.

24. BNI is entitled to a judgment declaring that it cannot be forced to engage in interest arbitration.

WHEREFORE, BNI prays the Court enter judgment in its favor, declaring that the parties did not have a contractual agreement to submit to interest arbitration and cannot be compelled to do so.

September 19, 2019.                By: /s/ Robin Wade Forward
                                   Robin Wade Forward (#05324)
                                   **STINSON LLP**
                                   811 East Interstate Avenue
                                   Bismarck, ND 58503
                                   Telephone: 701.221.8600
                                   Fax: 701.221.8601
                                   rob.forward@stinson.com

                                   Dominic J. Cecere (#05895)
                                     *Pro Hac Vice Motion Forthcoming*
                                   **STINSON LLP**
                                   50 South Sixth Street, Suite 2600
                                   Minneapolis, MN 55402
                                   Telephone: 612.335.1500
                                   Fax: 612.335.1657
                                   Dominic.cecere@stinson.com

                                   *ATTORNEYS FOR PLAINTIFF, BNI COAL, LTD.*